Tina Wolfson, SBN 174806
*twolfson@ahdootwolfson.com*
Robert Ahdoot, SBN 172098
*rahdoot@ahdootwolfson.com*
Theodore Maya, SBN 223242
*tmaya@ahdootwolfson.com*
Meredith Lierz, SBN 296650
*mlierz@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

Erica Mirabella*
*erica@mirabellallc.com*
**MIRABELLA LAW, LLC**
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: (617) 580-8270; Fax: (617) 583-1905

\*Pro hac vice application forthcoming

*Attorneys for Plaintiff*
*and the Putative Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO ALHADEFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HONEST COMPANY, INC.,<br><br>Defendant. | Case No. 2:16-cv-02361<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Alvaro Alhadeff ("Plaintiff"), by and through his counsel, brings this Class Action Complaint against The Honest Company, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.     This is a consumer protection and false advertising class action concerning Defendant's false and/or unlawful labels on its Honest brand laundry detergent and other products, including dish soap and multi-surface cleaner (the "Products"). Defendant advertises its products as natural and free of harmful chemicals. Specifically, it represents that the Products do not contain sodium lauryl sulfate ("SLS"), a chemical which is a know skin irritant. Defendant represents that the Products are free of SLS through at least the following avenues: (1) product labels featuring the words "Honestly Free of SLS", (2) Internet blog posts; (3) its official company and third party websites; and (4) via the Instagram and Twitter accounts of its co-founders.

2.     However, contrary to these representations, the Products contain SLS in concentrations up to 14%, and thus the various representations that the Products are free of SLS are false. Defendant states that the Products contain sodium coco sulfate ("SCS"), a "coconut based cleanser" that is a "gentler alternative" to harsh chemicals like SLS. This representation is misleading because SCS is an irritating surfactant just as SLS is, and in fact, SLS is a major component of SCS. Defendant is deceiving customers into thinking that the Products do not contain SLS when they actually do, and charging a premium for them.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interest and costs,

1

and this is a class action in which more than two-thirds of the proposed Plaintiff Class, on the one hand, and Defendant, on the other, are citizens of different states.

4.     This Court has personal jurisdiction over Defendant because Defendant maintains its principle place of business in California.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  A venue affidavit pursuant to California Civil Code § 1780(d) is attached as Exhibit A.

**PARTIES**

6.     Plaintiff is a resident of Ventura County, California and purchased the Products at a retail store in Ventura County, California, most recently in late March. Plaintiff relied on Defendant's misleading labeling, marketing, and product packaging and would not have purchased the Products had he known they were not SLS free.

7.     Defendant is a Delaware corporation with corporate headquarters in Los Angeles County, California.  Defendant markets and sells a variety of consumer care products, including the Products, online and through retailers. Defendant maintains supply chain control over the manufacture of all its products, and distributes and sells them to major retail outlets throughout the United States, including Costco, Whole Foods, and Target, among others.  Defendant promotes its consumer products, which include diapers, baby wipes, soaps, detergents, lotions, household cleaners, and vitamins, as safe, eco-friendly, and non-toxic.

**SUBSTANTIVE ALLEGATIONS**

**A.     Defendant's False "Honestly free of SLS" Label Claims**

8.     On information and belief, since at least 2011, Defendant has at all times marketed, and continues to market the Products as free of SLS.

9.     Defendant states on its website and in various marketing materials that SLS is an ingredient that it will never consider for use in any of its products.

10.     Defendant marketing campaign has been continuous, through multiple forms, and disseminated through all forms of media, including print, television advertisements and appearances, social media, Defendant website, and multiple third-party websites.

11.     Defendant's Products are preceded by the word "honest" and includes "The Honest Co." trademark. Other Honest products that are labeled and marketed as SLS-free include dish soap and multi-surface cleaner.

12.     Defendant promotes its "honestly FREE Guarantee" which states: "[W]e created our Honestly FREE Guarantee—a core commitment we make to you and your children.  And, it's another way for us to be Honest—educating, empowering and inspiring people to make better choices for their health and families.  Providing clear, credible, transparent information.  No smoke and mirrors.  No confusion."[1]

13.     Defendant falsely and prominently labels the Product as "Honestly free of SLS."

14.     Defendant published a blog post on its website about the dangers of products containing SLS:

**Ingredient:**

These are actually **two different, but closely related, chemicals**: Sodium Lauryl Sulfate (SLS) and Sodium Laureth Sulfate (SLES).

**What they are:**

Sodium lauryl sulfate can be made from petroleum oil (via the OXO process) or from coconut or palm oil (via the Ziegler process).  In both processes, fatty acids are extracted and converted to fatty alcohols, then sulfonated to become a crystalline salt. If SLS undergoes a chemical process called "ethoxylation," it becomes SLES.

---

[1] https://www.honest.com/about-us/honestly-free-guarantee (last visited Apr. 5, 2015).

3

CLASS ACTION COMPLAINT

**What they do:**

Both of these chemicals are used in products primarily as **emulsifiers (to help keep all ingredients properly mixed up)** and **surfactants (to help clean and create lather).** They can be found in shampoos, toothpastes, mouthwashes, body washes, soaps, detergents, and more.

**Why we're featuring them today:**

For many years, SLS was the star surfactant in skincare products, despite being a **known irritant**. This is so well-known, in fact, that it's **commonly used in lab testing to intentionally harm skin**. Following application, scientists can compare the effects of untested products against SLS or test the efficacy of products intended to heal skin.

Widespread concern over the past few years compelled many companies to look for a gentler alternative. Putting SLS through the ethoxylation process led to the creation of SLES, a milder surfactant; it also often **produces 1, 4-diozane, a toxic contaminant and likely carcinogen**. Though the U.S. Food and Drig Administration recommends that companies strip out this nasty chemical, it's not a requirement. That's likely why **independent testing conducted by the EWG found this contaminant in 46% of products tested**.

SLS and SLES are both included in our Honestly Free Guarantee which means we'll never use them. We've switched over to sodium coco sulfate (SCS), which is a genter alternative always derived from coconut.

**Want your home to be Honestly Free of SLS & SLES?**

It's as simple as reading your ingredient labels. **Avoiding anything that lists the following: SLS, SLES, sodium lauryl sulfate, sodium dodecyl sulfate, sodium laureth sulfate, or sodium lauryl ether sulfate.** (There are actually even more names for these two ingredients, but the ones above are most commonly used in the marketplace.)

Be aware: Many brands that claim to be "natural," "green," or "eco-friendly" still use these ingredients, so read carefully! If it's a company you love, **ask them to use a safer alternative**. Together, we can make it better . . . ."[2]

15.     The Products are not SLS-free because they include SCS, which itself contains SLS.

16.     Defendant places the "Honestly FREE of SLS" claim conspicuously and prominently on the back of the Products' packaging (*see* bottom left label below) for every person to see as soon as they pick up a Product to read the label:



---

[2] https://blog.honest.com/what-is-sodium-lauryllaureth-sulfate/ (last visited April 5, 2016) (emphases added).

CLASS ACTION COMPLAINT

17.     Further, Defendant's website prominently shows its "Honestly Free Guarantee":[3]



18.     However, the following language, stating that one ingredient in the laundry detergent is SCS, also appears on Defendant's website:[4]

INGREDIENTS:

Purified Water, Cocamidopropyl Betaine (Coconut-Based Cleanser), Sodium Coco Sulfate (Coconut-Based Cleanser), Cocamidopropylamine Oxide (Coconut-Based Cleanser), Phenoxyethanol (pH-Sensitive Preservative), Methylisothiazolinone (Preservative), Equisetum Hiemale (Horsetail Plant) Extract

19.     SLS is a major component of SCS.[5]  The SCS contained in the Products is a blend of sulfates, one of which is SLS.  Instead of listing each sulfate as an ingredient, Defendant merely identifies SCS and falsely represents that the Products do not contain any SLS.

20.     SLS, even at less than one-half percent concentration, can result in harmful skin irritation.  Severe irritation and even corrosion of the skin can be caused by higher concentrations.[6]

21.     On March 10, 2016, the Wall Street Journal published an article entitled, "Laundry Detergent From Jessica Alba's Honest Co. Contains Ingredient It Pledged to Avoid," reporting that two independent lab tests confirmed the

---

[3] https://www.honest.com/cleaning/honest-laundry-detergent (last visited Apr. 5, 2016).

[4] *Id*.

[5] See Dr. Steve Humphries, Hebe Botanicals, Ltd., *Sodium Coco Sulfate – another synthetic detergent*, *available at* http://www.hebebotanicals.co.nz/sodium-coco-sulfate-another-synthetic-detergent/ (last visited Apr. 5, 2016).

[6] SLS Free, *Sodium Lauryl Sulfate: The Facts*, http://slsfree.net/ (last visited Apr. 5, 2016).

CLASS ACTION COMPLAINT

presence of SLS in the Products.[7]

22.     Although the Products are not SLS-free, Defendant prominently labels the Products as such because consumers perceive products free of harsh chemicals as healthier and more wholesome.  In fact, the market for all household products free of harsh chemicals has grown rapidly in recent years, a trend that Defendant exploits through its false advertising.  Consumers are willing to pay a premium for products they believe to be free of harsh chemicals.

23.     Any consumer who purchased the Products—irrespective of his or her motivation for purchasing the Products—suffered harm in the form of a higher price that Defendant was able to command for the Products based on the false representations that they are free of the harsh chemical SLS.

24.     By conspicuously and prominently placing the "Honestly free of SLS" representation on the Products' packaging, Defendant has ensured that all consumers purchasing the Products are exposed to this misleading claim.

25.     Upon information and belief, Defendant knew and intended that consumers would pay a price premium for the Products if they were labeled "Honestly free of SLS."

**B.     Plaintiff's Reliance and Damages**

26.     Plaintiff purchased the Products in California during the Class Period in reliance on Defendant's representations that the Products were free of SLS.

27.     Plaintiff was willing to pay for the Products because of the representations that they were "Honestly free of SLS" and based upon the "Honestly FREE guarantee," and would not have purchased the Products, would not have paid as much for the Products, or would have purchased alternative products in absence of these representations, or with the knowledge that the Products actually contained SLS.

---

[7] http://www.wsj.com/articles/laundry-detergent-from-jessica-albas-honest-co-contains-ingredient-it-pledged-to-avoid-1457647350 (last visited Apr. 5, 2016).

CLASS ACTION COMPLAINT

28.     Plaintiff paid for SLS-free products, but received Products that in fact contained SLS.

29.     The Products that Plaintiff received were worth less than the products for which he paid.  By purchasing the Products in reliance on advertising that is false, Plaintiff has suffered injury in fact and lost money as a result of the unfair business practices alleged here.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff seeks relief in his individual capacity and as a class representative of all others who are similarly situated.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of the following Nationwide class and California subclass:

31.     The Nationwide Class is initially defined as follows:

> All persons residing in the United States who, from the date four (4) years prior to the filing of this Complaint until the date notice is disseminated to the Class, purchased the Products (the "Nationwide Class").

32.     The California Class is initially defined as follows:

> All persons residing in California who, from the date four (4) years prior to the filing of this Complaint until the date notice is disseminated to the Class, purchased the Products (the "California Class").

(collectively, the "Class").

33.     Excluded from the Class are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant.  Also excluded are the judges and Court personnel in this case and any members of their immediate families, as well as any person who purchased the Products for the purpose of resale.

34.     Plaintiff reserves the right to amend or modify the Class definitions

with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

35.   <u>Numerosity</u>.  Fed. R. Civ. P. 23(a)(1).  Each Class is so numerous that joinder of all members is unfeasible and not practicable.  While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands or millions of consumers have purchased the Products.

36.   <u>Commonality</u>.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to each Class, which predominate over any questions affecting only individual Class members.  These common questions of law and fact include, without limitation:

        a.   Whether Defendant engaged in the conduct alleged herein;

        b.   Whether the Products contain SLS;

        c.   Whether it is accurate to state that SCS does not contain SLS;

        d.   Whether it is accurate to state that SCS is a "gentler alternative" to SLS;

        e.   Whether it is accurate to state that SCS is a "safer alternative" to SLS;

        f.   Whether Defendant uniformly conveyed to the Class that the Products were "Honestly free of SLS;"

        g.   Whether Defendant's practices were deceptive, unfair, improper and/or misleading;

        h.   Whether Defendant's claim that the Products are "SLS-free" is true or false or likely to deceive a reasonable consumer;

        i.   Whether Defendant violated California Civil Code § 1750, *et seq.* (the "CLRA");

        j.   Whether Defendant violated California Business and Professions Code § 17200, *et seq.* (the "UCL");

9

k.      Whether Defendant violated California Business and Professions Code § 17500, *et seq.* (the "FAL");

l.      Whether Defendant breached an express warranty;

m.      Whether Defendant negligently misrepresented that the Products do not contain SLS;

n.      Whether Plaintiff and the proposed Class members have been harmed; and

o.      The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

37.     Typicality. Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

38.     Adequacy of Representation.  Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of Class members. Plaintiff's Counsel are competent and experienced in litigating class actions.

39.     Superiority of Class Action.  Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

40.     Injunctive and Declaratory Relief.  Fed. R. Civ. P. 23(b)(2). Defendant's misrepresentations are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### Violation of California Consumers Legal Remedies Act

### Cal. Civ. Code § 1750, *et seq*.

### (On behalf of Plaintiff and the Classes)

41.     Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

42.     This cause of action is brought pursuant to the CLRA because Defendant's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

43.     Plaintiff and each member of the Class are consumers as defined by California Civil Code § 1761(d).

44.     The Products constitute goods within the meaning of Civil Code § 1761(a).

45.     Defendant violated the CLRA in at least the following respects:

a.     in violation of Section 1770(a)(2), Defendant misrepresented the source, sponsorship, approval or certification of the the Products by labeling them as "SLS-free" when in fact the Products contained SLS;

b.     in violation of Section 1770(a)(5), Defendant represented that the Products have characteristics and benefits (that they are SLS-free) that they do not have (because they in fact contain SLS);

c.     in violation of Section 1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade (being free of SLS) when they are of another (because they contain SLS);

d.     in violation of Section 1770(a)(9), Defendant has advertised the Products (as being free of SLS) with the intent not to sell them as advertised (because the Products contain and are sold with SLS); and

e.     in violation of Section 1770(a)(16), Defendant has represented that the Products were supplied in accordance with previous representations (that

the Products are SLS-free) when in fact they were not (because the Products are sold containing SLS).

46.   Defendant knew, or should have known, that its representations and advertisements were false and misleading.

47.   Plaintiff notified Defendant in writing, by certified mail on April 6, 2015, of the violations alleged herein and demanded that Defendant remedy those violations.

48.   If Defendant fails to rectify or agree to rectify the false labels detailed above and provide notice to all affected consumers within 30 days of the date of Plaintiff's written notice, Plaintiff will seek to amend this Complaint to seek actual, punitive, and statutory damages pursuant to the CLRA.

49.   Plaintiff also seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution, disgorgement, statutory damages, and any other relief that the Court deems proper.

## SECOND CAUSE OF ACTION

### Violation of California False Advertising Law
### Cal. Bus. & Prof. Code § 17500, *et seq*.
### (On behalf of Plaintiff and the Classes)

50.   Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

51.   Defendant publicly disseminated untrue or misleading advertising or intended not to sell the Products as advertised in violation of the FAL.

52.   Defendant committed the violations of the FAL alleged herein with actual knowledge, or in the exercise of reasonable care should have known, that its labeling of the Products was untrue or misleading.

53.   Plaintiff reasonably relied on Defendant's representations and/or omissions made in violation of the FAL.

54.   As a direct and proximate result of Defendant's violations, Plaintiff

CLASS ACTION COMPLAINT

suffered injury in fact and lost money.

55.    Plaintiff, individually and on behalf of the Class, seeks: (a) injunctive relief in the form of an order requiring Defendant to cease the deceptive practices alleged herein and to correct its advertising, promotion, and marketing campaigns; (b) full restitution of all monies paid by Plaintiff and Class members because of Defendant's deceptive practices including, but not limited to, disgorgement of all profits derived from the sale of the Products; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

**Violation of California Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200,** *et seq.*

**(On behalf of Plaintiff and the Classes)**

56.    Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

57.    Through the conduct alleged above, Defendant engaged in unlawful, unfair, and/or fraudulent conduct in violation of the UCL.

58.    Defendant's conduct is unlawful in that it violates the CLRA and the FAL.

59.    Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and Class members.  The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct.  Defendant's conduct undermines and violates the stated spirit and policies underlying the CLRA and the FAL.

60.    Defendant's actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers.

61.     Plaintiff relied on Defendant's representations and omissions.

62.     As a direct and proximate result of Defendant's violations, Plaintiff and Class members suffered injury in fact and lost money because they purchased the Products at the price they paid believing the labeling claims described above to be true.

63.     Plaintiff, individually and on behalf of the Class, seeks: (a) injunctive relief in the form of an order requiring Defendant to cease the deceptive practices alleged herein and to correct its advertising, promotion, and marketing campaigns; (b) full restitution of all monies paid by Plaintiff and Class members because of Defendant's deceptive practices including, but not limited to, disgorgement of all profits derived from the sale of the Product; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

### (On behalf of Plaintiff and the Classes)

64.     Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

65.     Through the conduct alleged above, Defendant represented to Plaintiff and the Class that the Products were SLS-free.

66.     Those representations were false because the Products did in fact contain SLS.

67.     Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and use the Products.

68.     Defendant knew that Plaintiff and Class members were materially relying on Defendant's misrepresentations.

69.     Defendant made material misrepresentations with the intent to induce

Plaintiff and Class members to purchase the Products.

70.     When Defendant made the material misrepresentations, it knew or should have known the representations were untrue, or it had a disregard for whether the representations were true, and Defendant had no reasonable grounds for believing them to be true.

71.     In reliance upon the material misrepresentations, Plaintiff and Class members purchased and used the Products.

72.     As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and Class Members have been damaged as set forth herein.

73.     As a direct and proximate result of the foregoing, Plaintiff and Class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

<u>**FIFTH CAUSE OF ACTION**</u>

**Breach of Express Warranty**

**(On behalf of Plaintiff and the Classes)**

74.     Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

75.     Defendant sold the Products in its regular course of business.

76.     Plaintiff and Class members purchased the Products.

77.     Defendant made a promise and representation to Plaintiff and Class members that the Products were "Honestly free of SLS." Defendant's promises and representations constitute an express warranty that was provided to all consumers, and that became the basis of the bargain between Plaintiff and Class members on the one hand, and Defendant on the other. Defendant gave these express warranties to Plaintiff and Class members in written form on the packaging of the Products.

CLASS ACTION COMPLAINT

78.     Defendant's written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty.

79.     Defendant breached the warranty because the representations on the Products' packaging that the Products are "Honestly free of SLS" are false, as the Products did in fact contain SLS.

80.     Plaintiff and Class members, who paid for the Products at issue, have performed all conditions precedent to seeking liability under this claim for breach of express warranty.

81.     On April 6, 2014, Plaintiff provided notice to Defendant of its breach of express warranty with respect to the Products.

82.     Defendant's breach of express warranty has caused Plaintiff and Class members to suffer injuries, paying for falsely labeled Products, and entering into transactions they would not have entered into for the consideration that Plaintiff and Class members paid.

83.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the difference between the value of the Products as promised and the value of the Products as delivered.

84.     As a result of the breach of express warranty, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the Classes proposed in this Complaint, respectfully requests that the Court enter judgment in his favor and against Defendant, as follows:

A.     Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative and

appointing the undersigned counsel as Class Counsel;

B.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

C.      For an accounting by Defendant for any and all profits derived from the herein-alleged unlawful, unfair, and/or fraudulent conduct and business practices;

D.      Ordering Defendant to pay actual damages, restitution, and disgorgement of all money or property wrongfully obtained by Defendant by means of their herein-alleged unlawful, unfair, and fraudulent business practices, and equitable monetary relief to Plaintiff and Class members;

E.      Recovery of the amounts by which Defendant has been unjustly enriched;

F.      Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and Class members;

G.      Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and Class members pursuant to California Code of Civil Procedure § 1021.5 and the common law private attorney general doctrine;

H.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

I.      Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

DATED:  April 6, 2016                Respectfully submitted,

Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com

CLASS ACTION COMPLAINT

Robert Ahdoot, SBN 172098
*rahdoot@ahdootwolfson.com*
Theodore Maya, SBN 223242
*tmaya@ahdootwolfson.com*
Meredith Lierz, SBN 296650
*mlierz@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

Erica Mirabella\*
*erica@mirabellallc.com*
**MIRABELLA LAW, LLC**
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: (617) 580-8270; Fax: (617) 583-1905

\**Pro hac vice* application forthcoming

*Attorneys for Plaintiff
and the Putative Classes*

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## AFFIDAVIT OF TINA WOLFSON

I, Tina Wolfson, declare as follows:

1.      I am an attorney admitted to practice before this Court.  I am a member of the law firm of Ahdoot & Wolfson, PC, and counsel of record for Plaintiff Alvaro Alhadeff.  I am personally familiar with the facts set forth herein and if called as a witness, I could and would competently testify to the matters stated herein.

3.      This action has been commenced in a county described in California Civil Code § 1780 as a proper place for the trial of the action.  The transactions or a substantial portion thereof occurred in Ventura County, California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 6th day of April at West Hollywood, California.

_____
Tina Wolfson